UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GEORGE C. KNOLL,

   plaintiff,

v.                                     CASE NO. 3:18-cv-01912(RAR)

NANCY A. BERRYHILL,[1]
ACTING COMMISSIONER OF
SOCIAL SECURITY,

   defendant.

## RULING ON PENDING MOTIONS

George C. Knoll ("plaintiff") appeals the final decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner denied plaintiff's application for Social Security Disability Benefits in a decision dated October 4, 2018. Plaintiff timely appealed to this Court. Currently pending are plaintiff's motion for an order reversing and remanding his case for a hearing (Dkt. #14-2) and defendant's motion to affirm the decision of the Commissioner. (Dkt. #15-1.)

For the reasons that follow, the plaintiff's motion to reverse, or in the alternative, remand is GRANTED and the Commissioner's motion to affirm is DENIED.

---

[1] Andrew Saul is the new Commissioner of Social Security and has been added as a party to this action automatically.

## STANDARD

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. Id.; Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and whether the decision is supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

Therefore, absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The Second Circuit has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258.

The Social Security Act ("SSA") provides that benefits are payable to individuals who have a disability. 42 U.S.C. § 423(a)(1). "The term 'disability' means . . . [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1). In order to determine whether a claimant is disabled within the meaning of the SSA, the ALJ must follow a five-step evaluation process as promulgated by the Commissioner.[2]

---

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled, without considering vocational factors such as age, education, and work experience; (4) if the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the

In order to be considered disabled, an individual's impairment must be "of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). "[W]ork which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Id.[3]

## PROCEDURAL HISTORY

Plaintiff initially filed for disability insurance benefits under Title II on March 2, 2016. (R. 162.)[4] Plaintiff alleged a disability onset date of August 19, 2014. (R. 162.) At the time of application, plaintiff alleged that he suffered from a brain injury, shaking of the head, memory loss, back issues, and headaches. (R. 96.) The initial application was denied on August 24, 2016, and again upon reconsideration on October 26,

---

Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps. 20 C.F.R. § 416.920(a)(4)(i)-(v).

[3] The determination of whether such work exists in the national economy is made without regard to: 1) "whether such work exists in the immediate area in which [the claimant] lives;" 2) "whether a specific job vacancy exists for [the claimant];" or 3) "whether [the claimant] would be hired if he applied for work." Id.

[4] The Court cites pages within the administrative record as "R. ___."

2016. (R. 96-99, 102-104.) Plaintiff then filed for an administrative hearing which was held by ALJ Jason Mastrangelo (hereinafter the "ALJ") on January 10, 2018. (R. 30-55.) The ALJ issued an unfavorable decision on January 29, 2018. (R. 7-24.) Plaintiff filed a request for review with the Appeals Council on February 14, 2018. (R. 157.) The Decision Review Board denied plaintiff's request for review on October 4, 2018. (R. 1-6.) Plaintiff then filed this action seeking judicial review. (Dkt. #14-2.)

## **DISCUSSION**

Plaintiff asserts that the ALJ's opinion is not supported by substantial evidence at steps three and five, and that the ALJ violated the treating physician rule, failed to develop the record, and improperly examined plaintiff's pain. (Pl. Br. 1, 11, 13, 15, 21.) Based on the following, the Court finds that the ALJ's determination at step three is not supported by substantial evidence. The Court therefore reverses the ALJ's decision without considering plaintiff's remaining arguments.

### I. **The ALJ's Step Three Findings Are Not Supported by Substantial Evidence**

Plaintiff asserts that the ALJ's step three findings are insufficient. (Pl. Br. 21.) Plaintiff asserts that the ALJ merely referenced plaintiff's mental and physical impairments but undertook no analysis of whether her impairments satisfied

5

any listings. (Pl. Br. 22.)  As such, plaintiff asserts that the ALJ's findings at step three are not supported by substantial evidence.  The Court agrees.

"A finding of disability will ordinarily be justified when the individual's impairment is one which is as severe as the impairments contained in the Listing of Impairments." Titles II & XVI: The Sequential Evaluation Process, SSR 86-8 (S.S.A. 1986). "The Listing of Impairments . . . contains over 100 medical conditions which would ordinarily prevent an individual from engaging in any gainful activity." Id. "Thus, when such an individual's impairment or combination of impairments meets or equals the level of severity described in the Listing, and also meets the duration requirement, disability will be found on the basis of the medical facts alone in the absence of evidence to the contrary." Id.

"[T]he ALJ's decision at step three was not supported by substantial evidence" where the ALJ "state[d] that he ha[s] considered the criteria in [the listing] and recited the criteria without any further discussion" and failed to explicitly state that the plaintiff did not meet the criteria. Howarth v. Berryhill, No. 3:16-CV-1844 (JCH), 2017 WL 6527432, at *4 (D. Conn. Dec. 21, 2017). "Where. . . the court cannot discern the ALJ's rationale because the ALJ failed to address

6

the evidence in the record on either side, the ALJ's failure to articulate is itself a sufficient basis to remand." Id. at *8.

As such, the ALJ may not "summarily dispose[] of step three with conclusory statements that [the plaintiff] does not meet either listing, followed by a recitation of the elements of each listing." Nieves v. Colvin, No. 3:15-CV-01842 (JCH), 2016 WL 7489041, at *5 (D. Conn. Dec. 30, 2016). While "the court can 'look to other portions of the ALJ's decision and to credible evidence in finding that his determination was supported by substantial evidence'" the ALJ must provide sufficient "rationale or reasoning to support her determination that" the plaintiff did not meet the listing criteria. Id. at *5, *6 (quoting Berry v. Schweiker, 675 F.2d 464, 469 (2d Cir. 1982)). Without such, "the court is left without a decision of which to engage in meaningful review." Id.

However, where there is little or no evidence in the record to support that the plaintiff meets the criteria of the listing, the ALJ's analysis is sufficient if the ALJ "spoke to a lack of evidence in the record that those criteria were met" in addition to listing the criteria. Monahan v. Berryhill, No. 3:18-CV-00207 (JAM), 2019 WL 396902, at *5 (D. Conn. Jan. 31, 2019). Such an analysis would be supported by substantial evidence. Id.

*a. The ALJ erred in his analysis of whether plaintiff satisfied the criteria of the listed impairments under Section 12.00.*

At step three, the ALJ determined that plaintiff does not satisfy any listed impairment under Section 12.00 because he does not satisfy paragraphs B and C. (R. 13.) Paragraph B is a requirement to all listings under Section 12.00 except 12.05. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(a)(2)(b). Paragraph C is a requirement of listings 12.02, 12.03, 12.04, 12.06, and 12.15. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(a)(2)(c).

As the ALJ noted,

> [p]aragraph B of each listing (except 12.05) provides the functional criteria [the ALJ] assess, in conjunction with a rating scale (see 12.00E and 12.00F), to evaluate how [a plaintiff's] mental disorder limits [his or her] functioning. These criteria represent the areas of mental functioning a person uses in a work setting. They are: [u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. [The ALJ] will determine the degree to which your medically determinable mental impairment affects the four areas of mental functioning and [a plaintiff's] ability to function independently, appropriately, effectively, and on a sustained basis (see §§ 404.1520a(c)(2) and 416.920a(c)(2) of this chapter). To satisfy the paragraph B criteria, [a plaintiff's] mental disorder must result in "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning.

Id. at 12.00(a)(2)(b). Paragraph C requires that,

> [A plaintiff's] mental disorder must be "serious and persistent"; that is, there must be a medically documented history of the existence of the disorder over a period of

8

>   at least 2 years, and evidence that satisfies the criteria
>   in both C1 and C2.

Id. at 12.00(a)(2)(c). Sections C1 and C2 require

>   there is evidence of both:
>   1. Medical treatment, mental health therapy, psychosocial
>   support(s), or a highly structured setting(s) that is
>   ongoing and that diminishes the symptoms and signs of [the
>   plaintiff's] mental disorder (see 12.00G2b); and
>   2. Marginal adjustment, that is, [the plaintiff] ha[s]
>   minimal capacity to adapt to changes in [his or her]
>   environment or to demands that are not already part of [his
>   or her] daily life (see 12.00G2c).

Id. at 12.04(c).

The ALJ stated the criteria for paragraph B and then conclusively stated plaintiff's limitations regarding the criteria. The ALJ stated that the opinion would later discuss plaintiff's anxiety disorder and affective disorder in greater detail. (R. 13.) When examining whether plaintiff satisfied the paragraph C criteria, the ALJ failed to engage in any analysis. Instead, the ALJ merely stated that the record did not establish that plaintiff satisfied the criteria. (R. 14.) Finally, the ALJ noted that no state agency psychologists opined that plaintiff equaled a listed impairment. (R. 14.)

While the ALJ's analysis under step three is inadequate, the Court may look elsewhere in the opinion for substantial evidence supporting the ALJ's decision. Nieves v. Colvin, No. 3:15-CV-01842 (JCH), 2016 WL 7489041, at *5 (D. Conn. Dec. 30, 2016) (quoting Berry v. Schweiker, 675 F.2d 464, 469 (2d Cir.

9

1982)). The ALJ's examination of plaintiff's mental RFC provides substantial evidence to support his paragraph B determination but not his paragraph C determinations.

At step three, the ALJ determined that plaintiff had moderate limitations in understanding, remembering, or applying information; moderate limitations in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a moderate limitation in adapting or managing oneself. (R. 13.) While the ALJ failed to explain his determination at step three, the ALJ's RFC determination provides sufficient evidence to support the ALJ's conclusion.

Regarding the ALJ's determination that plaintiff suffered moderate limitations in understanding, remembering, or applying information, the ALJ noted that Dr. Roginsky determined that plaintiff only had "some issues" with memory and executive functioning. (R. 18, 277.) Dr. Bobulinski noted that plaintiff has been implementing strategies to improve his focus and memory and could complete more tasks and activities when encouraged. (R. 18, 291.) Dr. Bobulinski also noted that plaintiff demonstrated an intact fund of knowledge and was able to provide details of remote and recent events without difficulty. (R. 20, 290.)

Regarding, the ALJ's determination that plaintiff suffered moderate limitations in interacting with others, the ALJ noted

10

that Dr. Bobulinski recommended plaintiff "continue to pursue an active and cognitively, socially, and emotionally stimulating lifestyle, and remain as independent as his medical status permits." (R. 18, 291-92.) Plaintiff also testified that he can tolerate being around a small group of people once a week when with his friend Chris. (R. 20, 48.)

Regarding, the ALJ's determination that plaintiff suffered moderate limitation in concentrating, persisting, or maintaining pace, APRN John Roy recorded that plaintiff was able to complete a moderate to high level word finding task with over 80% accuracy. (R. 19, 374.) When completed at a slower pace, plaintiff achieved 90% accuracy. (R. 19, 374.)

Regarding, the ALJ's determination that plaintiff suffered moderate limitation in adapting or managing oneself, Doctors Roginsky and Bobulinski noted that plaintiff presented pleasant and cooperative, well groomed, alert, and oriented. (R. 17-18, 275, 289.)

While the ALJ's RFC analysis may contain substantial evidence that plaintiff does not satisfy the paragraph B criteria, the analysis fails to support that plaintiff does not satisfy the paragraph C criteria.

First, the ALJ does not identify the paragraph C criteria. Without examining any evidence, the ALJ merely states that the record fails to support that plaintiff had a minimal capacity to

11

adapt to changes in his environment. (R. 14.)  The ALJ does not go on to provide evidence that his determination is supported by the record.  Since, the ALJ does not state that there is no evidence in the record to support plaintiff's assertions, the ALJ was required to examine the evidence supporting his assertion and the paragraph C criteria.  See Monahan v. Berryhill, No. 3:18-CV-00207 (JAM), 2019 WL 396902, at *5 (D. Conn. Jan. 31, 2019); see also Nieves v. Colvin, No. 3:15-CV-01842 (JCH), 2016 WL 7489041, at *5 (D. Conn. Dec. 30, 2016).

Therefore, the ALJ's determination as to whether plaintiff satisfies the paragraph C criteria is not supported by substantial evidence.

   *b. The ALJ's analysis of whether plaintiff's physical impairments met any listed impairment is not supported by substantial evidence.*

At step three, the ALJ stated that plaintiff did not meet any of the physical impairment listings in Appendix 1 to Subpart P of Social Security Regulations No. 4.  (R. 13.)  The ALJ does not specify which, if any, specific listings were considered. (R. 13.)  Plaintiff argues that the ALJ failed to meet the most minimum standard of review, which would be to indicate which listings were considered.  (Pl. Br. 23.)  Without such, plaintiff cannot decipher what criteria the ALJ examined.  (Pl. Br. 23.)

The Court agrees with plaintiff. Even when the ALJ determines that plaintiff does not meet a listed impairment due to a lack of supporting evidence, the ALJ is still required to establish the criteria examined. See Monahan, 2019 WL 396902, at *5. When an ALJ does not at least state the listings considered, the Court is unable to determine if substantial evidence supports the ALJ's determination. Similarly, plaintiff is unable to demonstrate that substantial evidence does not support the ALJ's determination because it is unclear what the ALJ actually determined. "[T]he court is left without a decision of which to engage in meaningful review" and therefore the ALJ's decision must be remanded. Nieves v. Colvin, No. 3:15-CV-01842 (JCH), 2016 WL 7489041, at *6 (D. Conn. Dec. 30, 2016).

## II. The Court Will Not Consider Plaintiff's Remaining Arguments

In light of the Court's findings above, the Court need not reach the merits of plaintiff's remaining arguments. Therefore, this matter is remanded to the Commissioner for further administrative proceedings consistent with this Ruling. On remand, the Commissioner will address the other claims of error not discussed herein.[5]

---

[5] The Court offers no opinion on whether the ALJ should or will find plaintiff disabled on remand. Rather the Court finds remand is appropriate to permit the ALJ to engage in meaningful review

## CONCLUSION

Based on the foregoing reasons, plaintiff's motion for an order to remand the Commissioner's decision (Dkt. #14-2) is GRANTED and the Commissioner's motion to affirm that decision (Dkt. #15-1) is DENIED.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED this 10th day of March 2020, at Hartford, Connecticut.

```
             /s/
Robert A. Richardson
United States Magistrate Judge
```

---

of whether plaintiff's mental and physical impairments satisfy any of the listings the ALJ considered.