## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE K., | : | |
| | : | |
|   plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:18-cv-1912(RAR) |
| | : | |
| KILOLO KIJAKAZI, | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
|   defendant. | : | |

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
## PURSUANT TO 42 U.S.C. § 406(b)

George K. ("plaintiff") has moved for an award of
attorney's fees pursuant to 42 U.S.C. § 406(b). Plaintiff's
counsel is seeking $28,820.73, which is twenty-five percent of
the past due Social Security benefits paid to plaintiff. (Dkt.
#22 at 1-2.) The Commissioner, in his limited role in this type
of proceeding, does not object to the granting of this motion.
(Dkt. #23.)

Following a denial of benefits by an Administrative Law
Judge ("ALJ"), plaintiff's counsel filed the instant action
seeking judicial review of the adverse decision by the ALJ.
(Dkt. #22.)  The Court reversed and remanded that decision to
the Social Security Administration ("SSA") for further
proceedings. (Dkt. #18.)  Following remand and an additional
hearing before an ALJ, plaintiff received a Notice of Award from

the Social Security Administration dated October 19, 2023. (Dkt. #22-2.)  The Notice of Award indicated that the SSA had withheld $28,820.73, which was noted to be 25% of the past due benefits to which plaintiff was entitled, less $7,200 withheld by the SSA for work done at the administrative agency level .  (Dkt. #22 at 1-2; dkt. #22-2 at 4-5.)

In evaluating a motion for attorney's fees in the Social Security context, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022) (citing 42 U.S.C. § 406(b)(1)(A)).  In Fields, Judge Calabresi outlined the now well-established "guidelines for courts conducting this reasonableness analysis, instructing [courts] to consider: a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields, 24 F.4th at 849 (footnote omitted).

In addition, "as a part of the reasonableness determination, a district court must also consider whether a requested fee would result in a 'windfall' to counsel." Id. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must

consider more than the de facto hourly rate." Id. at 854.
Rather, the court should consider the "ability and expertise of
the lawyer" involved, the "nature and length of the professional
relationship with claimant," the satisfaction of the client, and
how uncertain it was that the case would result in an award of
benefits.  Id. at 854-55.  As the Second Circuit noted, "even a
high hourly rate may be perfectly reasonable, and not a
windfall, in the context of any given case" Id. at 854.

In the instant case, the motion for attorney's fees was
timely filed following the positive result for the claimant and
there is no evidence of any undue delay or fraud on the part of
plaintiff's counsel.  Additionally, the requested amount is
equal to, but does not exceed 25% of the award of benefits.  In
evaluating the relevant factors regarding the reasonableness of
the award, the Court finds that the requested fee would not
constitute a windfall.  Plaintiff's counsel is experienced and
skilled in the area of Social Security disability appeals and
regularly represents claimants before this Court.  Plaintiff's
counsel has expended 37.3 hours of time in representing the
plaintiff in federal court and the corresponding hearings before
an ALJ.  Presumably, the plaintiff, who has now been awarded
benefits is satisfied with counsels' performance in this case.
Finally, plaintiff's counsel was required to successfully seek
remand at the federal court in order to achieve this result.

For these reasons the Court finds that the requested award of $28,820.73, which amounts to an hourly rate of $772.67, is reasonable.

## CONCLUSION

Based on the foregoing, plaintiff's motion for an award of attorney's fees in the amount of $28,820.73 is GRANTED. Upon receipt of the fees, plaintiff's counsel has indicated that he will refund to plaintiff the smaller of the fee awarded herein, or previously awarded under the Equal Access to Justice Act.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED this 20th day of December, 2023, at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge